NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0430n.06

No. 09-5912

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Jul 14, 2010**

LEONARD GREEN, Clerk

RAY A. GAILES,              )
                                )

    Plaintiff-Appellant,       )     ON APPEAL FROM THE
                                )     UNITED STATES DISTRICT
    v.                     )     COURT FOR THE WESTERN
                                )     DISTRICT OF TENNESSEE
FEDERAL EXPRESS CORPORATION, dba Fedex )
Services,                      )
                                )
    Defendant-Appellee.     )
                                )

BEFORE: GRIFFIN and WHITE, Circuit Judges; and MURPHY, District Judge.[*]

PER CURIAM.

Plaintiff Ray A. Gailes filed this action alleging various employment discrimination and retaliation claims against his employer, defendant Federal Express Corporation ("FedEx"). FedEx moved for summary judgment on all of Gailes's claims. The district court granted FedEx's motion and dismissed the action. Gailes timely appeals.

After carefully reviewing the record below, the parties' briefs, and the arguments contained therein, we are persuaded that the district court properly analyzed the issues in this case and correctly granted FedEx summary judgment. Rather than issue a detailed opinion, which would serve no

---

[*]The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

useful purpose, we adopt the district court's reasoning set forth in its order dated July 6, 2009.[1]

　　AFFIRMED.

---

[1]The district court may not have set forth in full detail all of Gailes' most pertinent allegations. For example, the district court did not mention in connection with Gailes' allegations that he was rejected for a lateral position that the position description was changed by a FedEx supervisor sometime after being informed that Gailes was the most qualified person for the original position. In addition, the district court described Gailes as having admitted that he "ha[d] no personal knowledge" of whether his supervisor disclosed his back injury to his co-workers, "and only assume[d] she did as it is his contention this was the only way his coworkers could have gleaned this information." In fact, Gailes claimed in his response to the summary judgment motion that he met with his supervisor directly in June 2004, confronted her about discussing his medical condition in front of other employees, and that she apologized; this account is consistent with the supervisor's apparent handwritten notes of the same meeting.

　　Nevertheless, no additional analysis is necessary. As to Gailes being wrongly denied the lateral-move position, the district court correctly observed that no adverse employment action was taken against Gailes. As to Gailes' supervisor mentioning his back condition to his co-workers, even assuming that this information is the kind protected from disclosure under the ADA, Gailes must establish that the ADA violation caused some sort of tangible injury. *See Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1216-17 (11th Cir. 2010) (collecting cases). Except for a general complaint that all of FedEx's actions caused him emotional distress, Gailes has not alleged any injury resulting from the alleged disclosure of his injury. *Compare Cossette v. Minnesota Power & Light*, 188 F.3d 964, 970 (8th Cir. 1999) (summary judgment not appropriate where there was evidence that disclosure of medical information caused plaintiff's application for another job to be rejected, resulting in money damages) *with Tice v. Centre Area Transp. Auth.*, 247 F.3d 506, 520 (3d Cir. 2001) ("bare" allegations in complaint of mental and emotional distress not sufficient to survive summary judgment).